STATE, EX REL. FREDERICK HEINTZ, PROSECUTOR, v. THE COURT OF GENERAL QUARTER SESSIONS OF THE PEACE OF THE COUNTY OF UNION.

1. There is no statute in New Jersey requiring an applicant for tavern license to make affidavit that the signers of the recommendation are respectable freeholders and have not signed another application for license.
2. If such affidavit be included in the terms of the "Act relative to oaths and affidavits," approved March 27th, 1874, the indictment should allege that it was an affidavit necessary or proper to be taken, &c., or for a lawful purpose.
3. This indictment is too general in the averments of falsity.

---

On *certiorari* to remove indictment.

Argued at June Term, 1883, before Justices DIXON and PARKER.

For the prosecutor, *J. A. Fay.*

*Contra, W. R. Wilson,* prosecutor of pleas.

The opinion of the court was delivered by

PARKER, J. This *certiorari* brings before this court an indictment against Frederick Heintz.

The indictment purports to charge Heintz with the crime of perjury.

It alleges that he committed perjury in signing and taking an affidavit attached to a petition and recommendation to the board of excise of the city of Elizabeth, requesting said board to grant him a license to keep an inn and tavern in the first ward of said city.

The indictment avers that the perjury was committed by Heintz in falsely swearing that the petition and recommendation had been signed by at least twelve respectable citizens and freeholders of such ward, who had not, to his knowledge and belief, recommended any other application for license to keep an inn and tavern.

There is no averment stating who, among those who signed, were not freeholders, nor who had signed another petition and recommendation.

Heintz having pleaded not guilty was permitted to withdraw his plea, and his counsel moved to quash the indictment, which motion was denied by the Court of Quarter Sessions.

It is alleged in the indictment that Heintz was required, by virtue of the statute of New Jersey, to accompany the petition and recommendation for license, with his affidavit, that the same was signed by at least twelve respectable citizens and freeholders of the first ward of the city of Elizabeth, who had not, to his knowledge or belief, recommended any other application for license.

There is no statute in this state which requires such affidavit.

It is said, however, that if there be no statute directly requiring the affidavit, still it is an affidavit which was neces-

sary and proper to be made, taken and used, and for a lawful purpose, and that the "Act relative to oaths and affidavits," approved March 27th, 1874, (*Rev.*, *p.* 740) makes false swearing in such affidavit perjury. If this affidavit be included in the terms of that act, the indictment should have alleged that it was necessary or proper to be made, taken and used, or for a lawful purpose.

The indictment is also defective because it is too general in its terms, and does not charge who, among the persons who had signed the recommendation, were not freeholders, and who, to the knowledge or belief of the deponent, had signed another application.

There should be particularity in the averments of falsity. In this indictment the charges of falsity are not sufficiently specific to enable the accused to prepare his defence.

A general averment that defendant swore falsely upon the whole matter will not be sufficient. The indictment must proceed by particular averments (technically termed assignments of perjury) to negative that which is false. *Whart. Am. Cr. Law* (2d ed.) 661.

The indictment is quashed.