DAVID FEIGEN, PROSECUTOR, v. GEORGE W. McGUIRE, STATE DAIRY COMMISSIONER.

Argued June 6, 1899—Decided November 13, 1899.

In proceedings under the act to prohibit the sale of oleomargarine (*Gen. Stat., p.* 1164), in order to sustain a conviction, the complaint must set out the name of the person to whom the sale is made, if known or ascertainable at the commencement of the suit, and, if such name be unknown or not ascertainable, then such fact must be set forth.

---

On *certiorari.*

Before Justices DEPUE, GUMMERE and LUDLOW.

For the prosecutor, *Joseph E. Stricker.*

The opinion of the court was delivered by

GUMMERE, J.　Feigen, the prosecutor, was convicted, before a justice of the peace of the county of Middlesex, of a violation of section 4 of "An act to prevent deception in the sale of oleomargarine, butterine or any imitation of dairy products, and to preserve the public health" (*Gen. Stat., p.* 1164), which prohibits the sale of oleomargarine, butterine or any imitation of natural butter, unless at the time thereof the vendor shall give to the purchaser a card or notice, on which the name of the substance sold, and the name and address of the seller, shall be printed.　The complaint, which was sent up together with the other proceedings in the case, shows that the charge upon which the prosecutor was arrested was, that on March 3d, 1899, "at the city of Perth Amboy, in the county of Middlesex, and State of New Jersey, at his place of business therein, he did sell one-half pound of oleomargarine, for twelve cents, to a purchaser who inquired for butter; that such half-pound package of oleomargarine contained no notice in writing or otherwise, and that no notice of any kind was given to the purchaser thereof, as required by law, that the same was oleomargarine, or a substitute for natural butter."

The proceeding provided by the tenth section of the statute, for the punishment of violations of its provisions, is authorized to be taken before a justice of the peace; but such proceeding is summary in its character and is had before such justice as a magistrate, and not as a judge sitting in the Court for the Trial of Small Causes. *Hoeberg v. Newton,* 20 *Vroom* 617.　Consequently, the complaint, in order to support a conviction had under it, must conform to the rules regulating such a proceeding.　One of those rules is that where the proceeding taken is for the violation of a statute prohibiting the sale of a vendible article, the complaint shall

set out the name of the person to whom the sale is made, if known, or ascertainable at the commencement of the suit, and if such name be unknown, or not ascertainable, then such fact must be set forth. The reason of this rule is that it is the right of the defendant to be informed of the particular charge against him, and such information is not given when the name of the person to whom the illegal sale is charged to have been made is withheld. As was said in *Flanagan* v. *Plainfield*, 15 *Id.* 118, 120: "Nothing can be more important to the defendant, in maintaining his defence, than to know the names of the persons to whom the illegal sales are charged to have been made. He will then be enabled to call them to disprove the charge, or, if they are used as witnesses against him, he may be able to show statements theretofore made by them inconsistent with their evidence, or that they are unworthy of credit, or were elsewhere at the time of the alleged sales. It is the right of the defendant to be informed of the particular charge against him, and if the names of the persons to whom the sale is made cannot, with reasonable diligence, be ascertained, it must be stated that their names are unknown. In the absence of such allegation the presumption will arise that the names are wrongfully withheld."

To the same effect are the cases of *Roberson* v. *Lambertville*, 9 *Vroom* 69, and *Greeley* v. *Passaic*, 13 *Id.* 87.

The failure of the complaint in the present case to set out the name of the person to whom the illegal sale is alleged to have been made, renders the proceedings fatally defective; and for this reason the conviction brought up for review must be set aside.

The prosecutor is entitled to costs.