## STATE v. GEORGE SMITH.

### Submitted March 16, 1916—Decided June 6, 1916.

1. The name of a person necessary for the description of a crime, if known, must be stated in the indictment.
2. Where the indictment contains an averment of an illegal sale of liquors to persons unknown to the grand jury, it is improper on the trial to admit evidence as to sales made to them of persons who were subpœnaed to testify or testified before the grand jury, but are not named in the indictment.
3. Where an indictment charges illegal sale of liquors to a person named and to others not named, and evidence as to sales to the latter is improperly admitted, the judgment must be reversed and the record remitted for a new trial. The defendant is not entitled to be discharged.

On error to the Cumberland Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the state, *Edwin F. Miller.*

For the plaintiff in error, *Rex A. Donnelly.*

The opinion of the court was delivered by

SWAYZE, J. The defendant was convicted on the fourth count in the indictment and acquitted on the others. The fourth count charges illegal sales of liquor to Campbell Clinger and to divers other persons whose names are to the grand jury inquest unknown. At the trial several witnesses were called to the reception of whose testimony the defendant objected on the ground that they had been subpœnaed to testify before the grand jury in this case; one had, in fact, testified. The court overruled the objections. At the very close of the case the prosecutor moved to strike out the testimony of the witness who had testified before the grand jury, and this was done. The question presented is whether the charge in an indictment of a sale to a person unknown is sustained by proof of a sale to a person who was known. To state this question is to answer it. It has never been doubted that if the name of a person, which was necessary for a description of the crime was known, it should be stated in the indictment. The doubt has been whether an indictment was good if it failed to state the name, and it was settled in early days that in order to prevent a failure of justice the indictment might aver that the name was unknown, if that was the fact. 1 *Chit. Crim. L.* *213. The reason has been stated more than once by this court. *Flanagan* v. *Plainfield,* 44 *N. J. L.* 118; *Feigen* v. *McGuire,* 64 *Id.* 152; *State* v. *Delancey,* 76 *Id.* 462. The defendant is entitled to know the precise charge made against him so that he may prepare his defence. When the name is given, the person named may be called to disprove the charge, or the defendant may prepare to prove that he is not of good repute for veracity or has made conflicting statements, or was elsewhere at the time the offence is charged to have been committed. Where the name of the witness is withheld, the defendant cannot so well prepare his defence, or, perhaps, cannot prepare it at all. His situation is still

worse when the indictment falsely avers that the names are unknown, for he may thereby be misled into the belief that the state does not mean to rely upon transactions with or concerning persons whose names were known. A false averment in an indictment that names where unknown savors of trickery and is most reprehensible. A bill presented by a grand jury as a true bill should not contain averments that are known to be false. It was, in effect, conceded that the evidence of the witness who had testified before the grand jury was improperly admitted. We think the harm was not undone by merely striking out his evidence at the very end of the case. The evidence of the witnesses who were subpœnaed, but did not testify before the grand jury, was equally objectionable. If these witnesses were subpœnaed by order of the grand jury itself, their names must have been known. If they were subpœnaed by the prosecutor, their names could have been easily ascertained. The grand jury could not shut its eyes to the presence of witnesses in its anteroom, and it is inconceivable that they had evidence of sales to these men without knowing their names. To justify an averment that third persons are unknown, the case must be one in which they cannot be ascertained (1 *Chit. Crim. L.* 212), not one where the grand jury willfully closed its eyes.

This error, however, does not result in a discharge of the defendant on this indictment, as in the case of larceny put by Chitty (1 *Chit. Crim. L.* *213), or in an acquittal, as in the case of an indictment against an accessory. In the former case, where the property was laid to be in one falsely said to be unknown, a different crime was charged, and a failure to prove property in one unknown to the grand jury was an entire failure to prove the state's case. In the latter case, where the principal was falsely said to be unknown, there was necessarily a failure to prove the principal offence as charged, and this involved a failure to prove the crime of accessory to that offence. The present case is different. The charge is an illegal sale to Clinger and others unknown. There was evidence from which the jury might have found an illegal sale to Clinger. This would have warranted a verdict of guilty,

although all evidence of sales to others may have been rejected. We cannot say whether the jury convicted on account of the sale to Clinger alone, or even whether they believed the testimony as to that sale. Probably, they were influenced by the whole of the testimony, including that of sales to persons falsely averred to be unknown.

The judgment must therefore be reversed and the record remitted for a new trial.