STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DANIEL ZIMMER AND ABE COHEN, PLAINTIFFS IN ERROR.

Submitted May 3, 1938—Decided October 29, 1938.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the defendant in error, *William A. Wachenfeld,* prosecutor of pleas.

For the plaintiffs in error, *Harold Simandl.*

Per Curiam.

The plaintiffs in error, Zimmer and Cohen, were convicted on an indictment charging them with attempting to break and enter the factory building of the New Universal Rabbit & Fancy Dressing Company, Newark, New Jersey, with intent to steal the goods, &c., of that company. A third defendant, Hinkes, was also convicted but has abandoned his writ of error.

The entire record of the proceedings, certified by the trial judge, is before us. The assignments of error and the specification of causes for reversal are identical as to each plaintiff in error. The appeal was submitted on brief and the argument for reversal, made under four points, will be treated in order.

1. That there was a material variance between the allegations in the indictment and the proofs in support thereof.

The burden of the argument for the plaintiffs in error is, that the indictment charged an attempt to break and enter the building of the New Universal Rabbit & Fancy Dressing Company, and that that material averment was not proved. The building in question is located at 57 Paris street, Newark, New Jersey, and plaintiffs in error say that there was no evidence identifying the building at that address as the factory of the New Universal Rabbit & Fancy Dressing Company, and that therefore a variance arose between the charge in the indictment and the proof in support thereof. We do not think that there is any substance in this point but rather that it was clear to all that the building in question was located at the stated address and that it was occupied by the fur company. No point was made in the trial of the case at any

stage that there was a failure of identification of the building. The present argument is an afterthought and rests on a piecing together of seeming omissions to make out lack of proof on this important element of the case. But we think the proof was there none the less for the following reasons:

The state, by one of its witnesses, a surveyor, had introduced a map of the neighborhood in question. The state's attorney, in cross-examining the defendant Cohen, referred to this map and in a series of questions or statements pointed out a building as that of the "Universal Fur Dressing Company." The purpose of using the map at the time was to have the witness point to just where in the neighborhood he had parked his automobile on the night of the alleged crime. Immediately thereafter in his cross-examination he was asked if on the night in question, after parking his car, he hadn't walked by No. 57 Paris street, "the fur dressing factory, No. 57," to which he replied in the affirmative. The defendant Zimmer was asked by his own counsel whether he attempted to break and enter a factory building of the "New Universal Rabbit & Fancy Fur Dressing Co.," a corporation, to which he replied in the negative. It is plain that the name of the company was misstated several times by the state's attorney as well as by the attorney for the defendants. In the indictment it is called by its proper name. In the testimony above referred to, where the witness, Cohen, was looking at the map under cross-examination of the state's attorney, the building was called "Universal Fur Dressing Co." At another point the premises were called "The Fur Dressing factory" and at another point defendants' counsel referred to it as "New Universal Rabbit & Fancy Fur Dressing Company," but there is not the slightest doubt in our minds nor do we think there was in the minds of the jury but that all parties understood that the premises under discussion were those mentioned in the indictment.

2. It is further argued that the trial court erroneously charged certain material facts as proven when in fact they were not proven. An exception was taken to a statement made by the court "that Arnow, the owner or principal stock-

holder of the New Universal Rabbit & Fancy Fur Dressing Company, testified in the case." The point is that there was no testimony that the said Arnow was such principal stockholder of the company, and this is true. The witness said that he was in the fur dressing business located at 57 Paris street and he identified the building in question on the map and said that that was his place of business and that he had leased it. Whether he was the principal stockholder is immaterial and did not prejudice the rights of the defendants in any respect.

It is next argued that the court assumed that the premises in question were those of the company mentioned in the indictment. This matter has been discussed above and we think the court was justified in that statement. It is also argued that the court said that No. 57 Paris street was owned by the company mentioned in the indictment. As a matter of fact, it was not owned but leased, as appears above, but whether owned or leased made no difference as far as the rights of the defendants were concerned. There is no substance to this point.

3. It is further argued that the indictment is invalid and insufficient and that the motion to quash same should have been granted or the motion to direct a verdict of acquittal or motion to arrest judgment. The indictment charges the crime to have been committed by Zimmer, Cohen and Hinkes and John Doe and Richard Roe without alleging that the true names of the last two were unknown to the grand jury. The argument for the plaintiffs in error is that they are entitled to know the identity of the *particeps criminis* and that if such parties are unknown that fact must be stated in the indictment. This, in our view, begs the question. There is no evidence that the persons fictitiously named in the indictment were known. In any event, the rule is that where the name of a person mentioned in the indictment is an element of proof of the crime charged therein such name should be given. *State* v. *Smith,* 89 *N. J. L.* 52. But where, as here, it is not necessary at the trial to prove his real name, as in this case, it need not be averred. Further, our statute pro-

vides that no indictment shall be held insufficient for want of averment of any matter not necessary to be proved. *Rev. Stat.* 2:188-5. We find no substance here.

4. Lastly, it is contended that the trial court in its charge to the jury erroneously instructed the jury that certain of the testimony was of minor importance. This we consider fair comment. The language complained of was that the court said that "there were certain minor items either in rebuttal or by way of reopening when the court had permitted the state to reopen on a minor branch of the case on the question of fingerprints," &c. That it is always the right and often the duty of the judge to comment on the evidence in the case is entirely settled in this state. The cases so holding are reviewed in *State* v. *Hauptmann,* 115 *N. J. L.* 412, 429. With regard to this point, as well as the second, above discussed, it is pertinent to mention that the court instructed the jury that they were to be guided by their own recollection of the facts in the cause and that they, the jury, were the sole judges of the facts. We find no error.

The judgment will be affirmed.