27 N.J. Super. 223 (1953)
98 A.2d 713
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL M. BORELLI, DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division, Criminal.
Decided July 29, 1953.
*224 Mr. Frank G. Schlosser, attorney for the defendant.
Mr. Frederick T. Law, Prosecutor of the Pleas.
ZIEGENER, J.C.C.
Defendant Michael M. Borelli has applied for an order dismissing indictment No. 1180 of the 1950 term, third session, accusing him of the crime of false swearing, N.J.S. 2A:131-4, on the following grounds:
"The indictment does not state facts sufficient to constitute an offense against the State of New Jersey. The indictment does not adequately inform the defendant of the nature and cause of the accusation, contrary to the guaranty of Article 1, Rights and Privileges, Paragraph 10 of the Constitution of the State of New Jersey. The indictment is so vague, uncertain, indefinite, and lacking in adequate specification, as to afford to the defendant no means of preparing his defense, and no protection against further trial for the same offense after acquittal, contrary to the guaranty of Article 1, Rights and Privileges, Paragraph 11 of the Constitution of the State of New Jersey."
The indictment charges that on September 18, 1952 the defendant, sworn upon his oath, before the grand jury of the above term of court said that he had not at any time or place spoken to or told any person that he participated at the meeting referred to therein. The following are excerpts of the testimony given by the defendant before the said grand jury at said time:
"Q. Did you ever tell anybody that you participated at the meeting and that William McCormack was knocked out of the box?
A. (By the Defendant) I never spoke about the meeting Prosecutor.
Q. You're sure about that? A. Yes, I am.
Q. Now commissioner I want to be very fair with you, we have testimony that you did tell somebody what happened at the meeting? A. Prosecutor I didn't attend, I don't know what went on, I wasn't there, I wasn't present."
It is charged in the indictment that these answers were untrue and that the defendant knew them to be untrue and therefore constituted false swearing. So that the indictment *225 not only charges that the defendant swore falsely as to the statements he made to a person or persons not named but also as to his presence at the meeting in the Hotel Riverview, Hoboken, New Jersey, on or about April 8, 1950.
The indictment before me is not vague or uncertain in any detail as to its charges, since it definitely accuses the defendant of swearing falsely before the grand jury on September 18, 1950. Defendant contends that the indictment should have given the name of the person with whom he is alleged to have discussed what took place at the meeting in Hoboken.
The cases cited by the defendant, Heintz v. Union Quarter Sessions, 45 N.J.L. 523 (Sup. Ct. 1883); Flanagan v. Plainfield, 44 N.J.L. 118 (Sup. Ct. 1882); Feigen v. McGuire, 64 N.J.L. 152 (Sup. Ct. 1899); and State v. Smith, 89 N.J.L. 52 (Sup. Ct. 1916), are not in point for in each of them the vagueness charged was as to the crime itself. Here it is as to the subject matter about which the defendant is charged with swearing falsely.
As contended by the State, the name of the person to whom the defendant made the statement in question is not an element of proof of the crime and it is therefore not necessary that he be named in the indictment.
This case is unlike one in which the defendant might be tried again for the same crime, that is put in double jeopardy due to the failure to name the person against whom the crime was committed, because the crime of false swearing is not in the same category as larceny and crimes of that nature, in which it is essential that the name of the victim be included. In this case it does not matter to whom the statement was made. If the defendant was at the place charged and made the statement to anyone, and then swore before the grand jury that he was not present and did not make the statement at all, he would be guilty of false swearing, and therefore the indictment would not be defective if it failed to mention the name of the particular person.
The Supreme Court held in State v. Zimmer, 121 N.J.L. 265, 269 (Sup. Ct. 1938), that where it is not *226 necessary at the trial to prove the real name of the person to whom the defendant spoke, it need not be averred; and that no indictment shall be held insufficient for want of averment of any matter not necessary to be proved.
The indictment before the court contains all of the essentials required to inform the defendant of the crime of which he is accused, for it charges that he was at the Hotel Riverview in Hoboken, New Jersey, on April 8, 1950 and that he there made the statement in question, and that he swore before the grand jury that he was not present and that he did not make the statement.
Therefore the application to dismiss the indictment is denied.